# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31312
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HENRY RAY STEWART,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CR-15-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Henry Ray Stewart pleaded guilty to health care fraud and was sentenced to 46 months of imprisonment. He argues that his waiver of conflict-free counsel was invalid. Stewart asserts that the district court did not comply with *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), *abrogated on other grounds by Flanagan v. United States*, 465 U.S. 259, 263 & n.2 (1984), and should have conducted a more thorough inquiry regarding his waiver of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

right to conflict-free counsel.  He contends that a conflict became apparent at sentencing and resulted in him being sentenced to a lengthier sentence than his similarly situated codefendant.

Stewart does not establish the existence of an actual conflict, and, thus, has not shown that the district court was required to conduct a *Garcia* hearing. He therefore has no basis to challenge the thoroughness of the district court's inquiry. *See United States v. Hernandez*, 690 F.3d 613, 618-19 (5th Cir. 2012). Even if a *Garcia* hearing was required, the record supports that the district court complied with *Garcia* and that Stewart knowingly and voluntarily waived his right to conflict-free counsel. *See United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006).  Accordingly, his argument is without merit.

Stewart also contends that counsel rendered ineffective assistance at the sentencing hearing by not securing documents and favorable witnesses and not objecting to the district court's sentencing decision.  The record is not sufficiently developed to permit review of these claims on direct appeal.[1] *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 2014 WL 2616172 (Oct. 6, 2014) (No. 13-10484).

Accordingly, the judgment of the district court is AFFIRMED.

---

[1] Stewart argued these grounds as a basis for an ineffective-assistance-of-counsel claim in a 28 U.S.C. § 2255 motion seeking to vacate, set aside, or correct his sentence.  In that same motion, Stewart also argued that his counsel's failure to perfect a timely appeal constituted ineffective assistance of counsel.  Finding that Stewart's counsel failed to file a timely notice of appeal, the district court vacated and reinstated the judgment of conviction to afford Stewart the chance to appeal but dismissed Stewart's other claims without prejudice.  Because the district court dismissed his other claims without prejudice, Stewart is "entitled to an adjudication of all the claims presented in his earlier" habeas application without seeking authorization to file a second or successive application.  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-44 (1998).